Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

STATE OF MINNESOTA

COUNTY OF CHIPPEWA

DISTRICT COURT

EIGHTH JUDICIAL DISTRICT
Case Type:  Mechanic's Lien

---

Oxbow Solar Professionals, Inc., d/b/a
Oxbow Sunworks,

               Plaintiff,

vs.

Borrego Solar Systems, Inc.; Joan M. Wolf,
Dianne W. Redman, and Gary A. Wolf as Co-
Trustees for the Trust Created Under the Last
Will and Testament of Roman C. Wolf; Clara
City Solar, LLC; Chippewa County;
Magellan Pipeline Company, L.P.; Northern
States Power Company; KeyBank National
Association; ABC Corporation and Mary
Roe,

               Defendants.

Court File No. _____

**SUMMONS**
**(Foreclosure of Mechanic's Lien)**

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS:

     1.    **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you to foreclose a mechanic's lien.  The Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  The Complaint in this action has been filed with the Chippewa County Court Administrator.

     2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**
You must give or mail to the person who signed this Summons a **written response** called an Answer, *and you must file your answer to said Complaint in said office of said Court Administrator*, within 20 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at:

     Patrick J. Lee-O'Halloran
     Jennifer A. Thompson
     Thompson Tarasek Lee-O'Halloran PLLC
     7101 York Avenue South, Suite 255
     Edina, Minnesota 55435
     patrick@ttlolaw.com
     jennifer@ttlolaw.com
     (612) 568-0132

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

3.    **YOU MUST RESPOND TO EACH CLAIM**.  The Answer is your written response to Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not Answer within 20 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A default judgment can then be entered against you for the relief requested in the Complaint.

5.    **LEGAL ASSISTANCE**.  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.    **ALTERNATIVE DISPUTE RESOLUTION**.  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

7.    **NOTICE OF ACTION TO ENFORCE LIEN AGAINST REAL ESTATE.**

PLEASE TAKE NOTICE that the Complaint in the above-entitled action has been filed in the office of the Court Administrator of the above-named court.  This action is for various claims, including the enforcement and foreclosure of Plaintiff's mechanic's lien on the property in Chippewa County, Minnesota, legally described as follows:

That part of the West Half of the Northwest Quarter of Section 17, Township 117 North, Range 37 West, Chippewa County, Minnesota, described as follows:

Commencing at the west quarter corner of said Section 17; thence on an assumed bearing of North 00 degrees 19 minutes 52 seconds East, along the west line of the Southwest Quarter of the Northwest Quarter of said Section 17, a distance of 554.86 feet; thence South 89 degrees 40 minutes 08 seconds East, a distance of 50.00 feet to the easterly right of way line of County Road Number 2, as now located and established; thence North 90 degrees 00 minutes 00 seconds East a distance of 64.54 feet; thence North 00 degrees 00 minutes 00 seconds East, a distance of 969.78 feet; thence South 89 degrees 59 minutes 51 seconds East, a distance of 65.05 feet; thence South 38 degrees 19 minutes 16 seconds East, a distance of 314.44 feet; thence South 38 degrees 20 minutes 59 seconds East, a distance of 167.22 feet; thence North 51 degrees 51 minutes 08 seconds East, a distance of 72.88 feet to the southwesterly right of way line of State Trunk Highway Number 7, as now located and established; thence South 38 degrees 51 minutes 37 seconds

2

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

East, along said southwesterly right of way line, a distance of 39.25 feet; thence southeasterly, a distance of 20.75 feet, along said southwesterly right of way line, being a tangential curve concave to the northeast, having a radius of 3892.92 feet, a central angle of 00 degrees 18 minutes 20 seconds, and a chord that bears South 39 degrees 00 minutes 46 seconds East; thence South 51 degrees 51 minutes 08 seconds West, not tangent to the last described curve, a distance of 73.47 feet; thence South 38 degrees 20 minutes 59 seconds East, a distance of 74.59 feet; thence South 45 degrees 30 minutes 50 seconds East, a distance of 348.64 feet; thence South 00 degrees 00 minutes 00 seconds East; a distance of 242.09 feet to the intersection with a line bearing North 90 degrees 00 minutes 00 seconds East from the point of beginning; thence South 90 degrees 00 minutes 00 seconds West, a distance of 696.01 feet to the point of beginning.

in the amount of $127,831.05 plus interest, costs and attorneys' fees for labor, services, materials and equipment furnished by the lien claimant for general construction services and materials in connection with solar panel racking and solar panel installation and related labor.

Dated: June 11, 2019        **THOMPSON TARASEK**
                                   **LEE-O'HALLORAN PLLC**

                                      s/ Patrick Lee-O'Halloran
                                   Patrick J. Lee-O'Halloran (#269074)
                                   Jennifer A. Thompson (#0330954)
                                   7101 York Avenue South, Suite 255
                                   Edina, MN 55435
                                   patrick@ttlolaw.com
                                   jennifer@ttlolaw.com
                                   (612) 568-0132

                                   **ATTORNEYS FOR PLAINTIFF**

This instrument was drafted by:
Patrick J. Lee-O'Halloran
Jennifer A. Thompson
Thompson Tarasek Lee-O'Halloran PLLC
7101 York Avenue South, Suite 255
Edina, MN 55435
patrick@ttlolaw.com
jennifer@ttlolaw.com
(612) 568-0132

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

STATE OF MINNESOTA                         DISTRICT COURT

COUNTY OF CHIPPEWA             EIGHTH JUDICIAL DISTRICT
                                     Case Type: Mechanic's Lien

| | |
|---|---|
| Oxbow Solar Professionals, Inc., d/b/a Oxbow Sunworks, | Court File No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **(Foreclosure of Mechanic's Lien)** |
| Borrego Solar Systems, Inc.; Joan M. Wolf, Dianne W. Redman, and Gary A. Wolf as Co-Trustees for the Trust Created Under the Last Will and Testament of Roman C. Wolf; Clara City Solar, LLC; Chippewa County; Magellan Pipeline Company, L.P.; Northern States Power Company; KeyBank National Association; ABC Corporation and Mary Roe, | |
| Defendants. | |

Plaintiff Oxbow Solar Professionals, Inc., d/b/a Oxbow Sunworks, a Minnesota corporation, for its Complaint against Defendants, states and alleges as follows:

## PARTIES

1.     Plaintiff Oxbow Solar Professionals, Inc., d/b/a Oxbow Sunworks ("Oxbow") is a Minnesota corporation with its principal place of business and registered office located at 12445 55th Street N, Suite A, Lake Elmo, MN 55042.

2.     Defendant Borrego Solar Systems, Inc. ("Borrego"), is a foreign business corporation with a home jurisdiction in California. Borrego's Chief Executive Officer is Michael Hall, whose office is located at 1814 Franklin Street, Suite 700, Oakland, CA 94612. Borrego's registered office address in Minnesota is c/o Capitol Corporate Services, Inc., 730 Center Avenue, Suite 202 Moorhead, MN 56560.

12-CV-19-394

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

3.      Defendants Joan M. Wolf ("J. Wolf"), Dianne W. Redman ("Redman"), and Gary A. Wolf ("G. Wolf") as Co-Trustees for the Trust Created Under the Last Will and Testament of Roman C. Wolf, dated November 18, 1988 own the property legally described on **Exhibit A** hereto.  Upon information and belief, the address for the Trust Created Under the Last Will and Testament of Roman C. Wolf, dated November 18, 1988 is c/o Gary Wolf, 1196 Pond Curve, Waconia, MN 55387.  J. Wolf resides at 739 Division Street North, Clara City, MN 56222.  Redman resides at 1310 52nd Avenue, Fridley, MN 55421.

4.      Defendant Clara City Solar, LLC ("Clara City") is a foreign limited liability company with a home jurisdiction in Delaware.  Clara City's registered agent in Delaware is located at c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and its principal place of business address is 100 California Street, Suite 400, San Francisco, CA 94111.  Clara City's registered office address in Minnesota is c/o CT Corporation System, Inc., 1010 Dale Street N, St. Paul, MN 55117.

5.      Defendant Chippewa County is located at 629 North Eleventh Street, Montevideo, Minnesota 56265.  Upon information and belief, Chippewa County can be served process through the Chair of the County Commissioners, David Lieser, 709 S 13th Street, Montevideo, MN 56265.  Chipppewa County may assert a claim to a portion of the Property under that certain ditch lien recorded in the Office of the County Recorder of Chippewa County, Minnesota on August 16, 2017 as Document Number A000299690.

6.      Defendant Magellan Pipeline Company, L.P. ("Magellan") a foreign limited partnership with a home jurisdiction in Delaware.  Magellan's registered agent in Delaware is located at c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and its principal place of doing business is One Williams Center, #2800, Tulsa, OK 74172.  Magellan's Individual Agent and Individual Agent Mailing Address is Suzanne Costin, One

2

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

Williams Center, Suite 2800, Tulsa, OK 74172. Magellan's registered office address in Minnesota is c/o CT Corporation System, Inc., 1010 Dale Street N, St. Paul, MN 55117. Magellan may assert a claim to a portion of the Property under that certain partial release and grant of right of way recorded in the Office of the County Recorder of Chippewa County, Minnesota on July 30, 2018 as Document Number A000302024.

7.     Defendant Northern States Power Company ("NSP") is a Minnesota corporation with its registered address at c/o Corporation Service Company, 2345 Rice Street, Suite 230, Roseville, MN 55113 and its principal executive office address at 414 Nicollet Mall, Minneapolis, MN 55401. NSP may assert a claim to a portion of the Property under that certain electric easement dated July 25, 2018 and recorded in the Office of the County Recorder of Chippewa County, Minnesota on July 31, 2018 as Document Number A000302055.

8.     On information and belief, Defendant KeyBank National Association ("Bank"), is a national bank with its mailing address as 4900 Tiedeman Road, Mailcode: OH-01-49-0114, Brooklyn, OH 44144, and which may assert a claim to a portion of the Property under that certain UCC Financing Statement recorded in the Office of the County Recorder of Chippewa County, Minnesota on March 22, 2019 as Document Number A000303574.

9.     Defendant ABC Corporation is as yet an unknown corporate entity that may occupy or otherwise have an interest in the Property, as defined hereinafter, but Oxbow's mechanic's lien is prior and superior to any right, title, interest or lien of said Defendant.

10.    Defendant Mary Roe is as yet an unknown person who may occupy or otherwise have an interest in the Property, as defined hereinafter, but Oxbow's mechanic's lien is prior and superior to any right, title, interest or lien of said Defendant.

## JURISDICTION AND VENUE

3

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

11. The causes of action asserted by Oxbow include the foreclosure of Oxbow's mechanic's lien against certain real estate located in Chisago County, Minnesota, legally described on **Exhibit A** attached hereto and incorporated herein by reference (the "Property"). Accordingly, venue is proper in Chippewa County pursuant to Minn. Stat. § 484.01 and § 542.02.

12. Upon information and belief, the Property constitutes the assets of the Trust Created Under the Last Will and Testament of Roman C. Wolf, dated November 18, 1988.

13. Upon information and belief, J. Wolf, Redman, and G. Wolf entered into a lease of the Property to Clara City Solar, thereby becoming lessor in Chippewa County, Minnesota.

14. Under Minn. Stat. § 501C.0206, J. Wolf, Redman, and G. Wolf have accepted the trusteeship of a trust having its principal place of administration in Minnesota, and thereby submit to the personal jurisdiction of the courts of Minnesota regarding any matter involving the trust.

## FACTS COMMON TO ALL COUNTS

15. Borrego entered into a contract and/or series of contracts with Oxbow (the "Contract") by which Oxbow was to provide certain construction services and materials in connection with solar panel racking and solar panel installation and related labor on the Property (the "Work").

16. Oxbow's Work was a portion of the overall work necessary for the construction of a solar energy development project on the Property.

17. On information and belief, Borrego was the prime contractor for the construction of the solar energy development project on the Property under the terms of a contract with Clara City Solar.

18. At the time Oxbow performed the Work, Clara City Solar was the lessee of the Property from the fee owner of the Property, J. Wolf, Redman, and G. Wolf.

19. Oxbow performed the Work under the Contract, but Borrego stopped making payments to Oxbow.

4

12-CV-19-394

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

20.     Oxbow is entitled to payment for its Work for which it has not yet been paid by Borrego (the "Uncompensated Work").

21.     Despite demand, Oxbow remains unpaid for the Uncompensated Work.

22.     The agreed and reasonable value of the Uncompensated Work is at least $127,831.05.

## COUNT I—OXBOW'S MECHANIC'S LIEN (All Defendants)

23.     Oxbow restates and realleges all previous paragraphs of this Complaint as if fully set forth herein.

24.     The agreed and reasonable value of the Uncompensated Work is at least $127,831.05, and Minn. Stat. § 514.01 et seq. provides a mechanic's lien for that entire amount, plus interest and attorneys' fees.

25.     The first date of Oxbow's contribution to the improvement of the Property was on or about January 14, 2019.

26.     The last date of Oxbow's contribution to the improvement of the Property was February 25, 2019.

27.     On May 8, 2019, Oxbow recorded a mechanic's lien statement concerning the Property with the Recorder's Office of Chippewa County, Minnesota as Document No. A000303873.

28.     Oxbow has timely complied with all service requirements with respect to its lien statement and has timely asserted its lien claim in this action.

29.     The Defendants either claim, or may claim, some interest in the Property.

30.     The Defendants have all received the benefit of Oxbow's improvements to the Property.

31.     No other action or proceeding at law or equity has been commenced by Oxbow for the collection of the debts secured by the mechanic's lien.

32.     Oxbow's mechanic's lien is superior to the right, title, interest, mortgage or lien of any other entity or person, except those right, title, interest, mortgages, or liens that are determined to

5

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

be prior to Oxbow's mechanic's lien and except as to mechanic's liens that the court finds to be coordinate with Oxbow's mechanic's lien.

33.     For the purposes of prosecuting its mechanic's lien rights, Oxbow has retained legal counsel and has incurred and will incur attorneys' fees.

34.     Oxbow is entitled to a mechanic's lien on the Property in the total amount of at least $127,831.05, plus interest as provided by the Contract or by statute and attorneys' fees as provided by law.

35.     As a result of Borrego's defaults described above, Oxbow is entitled to foreclose its mechanic's lien upon all of the Property and is entitled to a judicial sale thereof pursuant to Minnesota Statutes Chapter 514.

## COUNT II – BREACH OF CONTRACT (Borrego)

36.     Oxbow restates and realleges all previous paragraphs of this Complaint as if fully set forth herein.

37.     Oxbow has a Contract with Borrego for the provision of services, material, and equipment for improvements upon the Property in exchange for payment.

38.     Oxbow has performed and provided services, materials, and equipment for improvements upon the Property in accordance with the terms of the Contract with Borrego, the unpaid value of which is believed to be in excess of $50,000.00.

39.     Borrego has not performed its duty of making payment to Oxbow in accordance with the terms of the Contract.

40.     Borrego has benefited from Oxbow's performance according to the terms of the Contract.

41.     As a direct result of Borrego's breach of contract, Oxbow has been damaged in an amount exceeding $50,000.00.

## COUNT III – PROMISSORY ESTOPPEL (Borrego)

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

42.     Oxbow restates and realleges all previous paragraphs of this Complaint as if fully set forth herein. There was a clear and definite promise that Borrego would pay Oxbow for the Work performed by Oxbow at the Property.

43.     Borrego intended to induce Oxbow to rely upon its promise of payment for the Work.

44.     Oxbow, in fact, did rely upon the promise of payment by Borrego for Oxbow's Work.

45.     The promise to pay for Oxbow's Work upon the Property must be enforced in order to prevent the injustice of Oxbow providing work without compensation.

46.     As a direct result of Borrego's promises, Oxbow has been damaged in an amount exceeding $50,000.00.

## COUNT IV – UNJUST ENRICHMENT
### (Borrego, J. Wolf, Redman, G. Wolf, Clara City)

47.     Oxbow has made valuable improvements and provided financing for such improvements upon the Property.

48.     Borrego, J. Wolf, Redman, G. Wolf, and Clara City have knowingly retained the benefit of the valuable improvements and financing provided by Oxbow for Borrego, J. Wolf, Redman, G. Wolf, and Clara City pursuant to the one or more contracts as between Oxbow and Borrego, Borrego and Clara City, and Clara City and J. Wolf, Redman, and G. Wolf.

49.     Borrego, J. Wolf, Redman, G. Wolf, and Clara City have not paid Oxbow for its valuable improvements made upon the Property and it would therefore be unjust to allow Borrego, J. Wolf, Redman, G. Wolf, and Clara City to retain the value provided by Oxbow without compensating Oxbow.

## COUNT V – QUANTUM MERUIT
### (Borrego, J. Wolf, Redman, G. Wolf, and Clara City)

50.     Oxbow has made valuable improvements upon the Property.

7

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

51.     Borrego, J. Wolf, Redman, G. Wolf, and Clara City have benefited from the valuable improvements that Oxbow has made to the Property.

52.     Oxbow is entitled to compensation for the fair value of the improvements upon the Property.

        **WHEREFORE,** Oxbow requests judgment granting the following relief:

1.      **On Count One**: Adjudging that Oxbow is entitled to recover the sum of at least $127,831.05 together with interest calculated at the statutory interest rate as provided in Minn. Stat. § 514.135, along with costs, disbursements and reasonable attorney fees;

2.      Adjudging that Oxbow is entitled to a specific mechanics lien on the Property in the amount of the judgment rendered pursuant to paragraph 1 of this prayer for relief;

3.      Adjudging said lien to be prior and superior to the right, title, interest or lien of any and all other parties to this action, except those of coordinate mechanics lien claimants, if any;

4.      Directing the foreclosure of Oxbow's lien and the sale of the Property by the Sheriff of Chippewa County, Minnesota to satisfy the lien according to law;

5.      Directing the clerk of this court to enter and docket a judgment in favor of Oxbow and against Defendants for any deficiency on the judgment after application of the proceeds of the aforesaid sale.

6.      **On Counts Two and Three:** Judgment for Oxbow against Borrego in the amount believed to be in excess of $50,000.00, together with interest, costs, disbursements, and reasonable attorneys' fees.

7.      **On Counts Four and Five:** Judgment for Oxbow against Borrego, J. Wolf, Redman, G. Wolf, and Clara City in the amount believed to be in excess of $50,000.00, together with interest, costs, disbursements, and reasonable attorneys' fees.

8.      Such other and further relief as the Court may deem just and equitable.

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

Dated: June 11, 2019

**THOMPSON TARASEK
LEE-O'HALLORAN PLLC**


 s/ Patrick Lee-O'Halloran
Patrick J. Lee-O'Halloran (#269074)
Jennifer A. Thompson (#0330954)
7101 York Avenue South, Suite 255
Edina, MN 55435
patrick@ttlolaw.com
jennifer@ttlolaw.com
(612) 568-0132

**ATTORNEYS FOR PLAINTIFF**


### ACKNOWLEDGMENT

I acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded under Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: June 11, 2019            s/ Patrick Lee-O'Halloran
                                Patrick J. Lee-O'Halloran

Filed in District Court
State of Minnesota
6/11/2019 4:33 PM

## Exhibit A

That part of the West Half of the Northwest Quarter of Section 17, Township 117 North, Range 37 West, Chippewa County, Minnesota, described as follows:

Commencing at the west quarter corner of said Section 17; thence on an assumed bearing of North 00 degrees 19 minutes 52 seconds East, along the west line of the Southwest Quarter of the Northwest Quarter of said Section 17, a distance of 554.86 feet; thence South 89 degrees 40 minutes 08 seconds East, a distance of 50.00 feet to the easterly right of way line of County Road Number 2, as now located and established; thence North 90 degrees 00 minutes 00 seconds East a distance of 64.54 feet; thence North 00 degrees 00 minutes 00 seconds East, a distance of 969.78 feet; thence South 89 degrees 59 minutes 51 seconds East, a distance of 65.05 feet; thence South 38 degrees 19 minutes 16 seconds East, a distance of 314.44 feet; thence South 38 degrees 20 minutes 59 seconds East, a distance of 167.22 feet; thence North 51 degrees 51 minutes 08 seconds East, a distance of 72.88 feet to the southwesterly right of way line of State Trunk Highway Number 7, as now located and established; thence South 38 degrees 51 minutes 37 seconds East, along said southwesterly right of way line, a distance of 39.25 feet; thence southeasterly, a distance of 20.75 feet, along said southwesterly right of way line, being a tangential curve concave to the northeast, having a radius of 3892.92 feet, a central angle of 00 degrees 18 minutes 20 seconds, and a chord that bears South 39 degrees 00 minutes 46 seconds East; thence South 51 degrees 51 minutes 08 seconds West, not tangent to the last described curve, a distance of 73.47 feet; thence South 38 degrees 20 minutes 59 seconds East, a distance of 74.59 feet; thence South 45 degrees 30 minutes 50 seconds East, a distance of 348.64 feet; thence South 00 degrees 00 minutes 00 seconds East; a distance of 242.09 feet to the intersection with a line bearing North 90 degrees 00 minutes 00 seconds East from the point of beginning; thence South 90 degrees 00 minutes 00 seconds West, a distance of 696.01 feet to the point of beginning.

STATE OF MINNESOTA                  DISTRICT COURT

COUNTY OF CHIPPEWA             EIGHTH JUDICIAL DISTRICT
                                        Case Type:  Mechanic's Lien

| | |
|---|---|
| Oxbow Solar Professionals, Inc., d/b/a Oxbow Sunworks, | Court File No.12-CV-19-394 |
| Plaintiff, | Judge: Thomas W. Van Hon |
| vs. | |
| Borrego Solar Systems, Inc.; Joan M. Wolf, Dianne W. Redman, and Gary A. Wolf as Co-Trustees for the Trust Created Under the Last Will and Testament of Roman C. Wolf; Clara City Solar, LLC; | **AMENDED COMPLAINT**<br>**(Foreclosure of Mechanic's Lien)** |
| Defendants. | |

Plaintiff Oxbow Solar Professionals, Inc., d/b/a Oxbow Sunworks, a Minnesota corporation, for its Complaint against Defendants, states and alleges as follows:

## **PARTIES**

1.      Plaintiff Oxbow Solar Professionals, Inc., d/b/a Oxbow Sunworks ("Oxbow") is a Minnesota corporation with its principal place of business and registered office located at 12445 55th Street N, Suite A, Lake Elmo, MN 55042.

2.      Defendant Borrego Solar Systems, Inc. ("Borrego"), is a foreign business corporation with a home jurisdiction in California.  Borrego's Chief Executive Officer is Michael Hall, whose office is located at 1814 Franklin Street, Suite 700, Oakland, CA 94612.  Borrego's registered office address in Minnesota is c/o Capitol Corporate Services, Inc., 730 Center Avenue, Suite 202 Moorhead, MN 56560.

3.      Defendants Joan M. Wolf ("J. Wolf"), Dianne W. Redman ("Redman"), and Gary A. Wolf ("G. Wolf") as Co-Trustees for the Trust Created Under the Last Will and Testament of Roman C. Wolf, dated November 18, 1988 own the property legally described on **Exhibit A**

hereto.  Upon information and belief, the address for the Trust Created Under the Last Will and Testament of Roman C. Wolf, dated November 18, 1988 is c/o Gary Wolf, 1196 Pond Curve, Waconia, MN 55387.   J. Wolf resides at 739 Division Street North, Clara City, MN 56222. Redman resides at 1310 52nd Avenue, Fridley, MN 55421.

4.      Defendant Clara City Solar, LLC ("Clara City") is a foreign limited liability company with a home jurisdiction in Delaware.  Clara City's registered agent in Delaware is located at c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 and its principal place of business address is 100 California Street, Suite 400, San Francisco, CA 94111.  Clara City's registered office address in Minnesota is c/o CT Corporation System, Inc., 1010 Dale Street N, St. Paul, MN 55117.

## JURISDICTION AND VENUE

5.      The causes of action asserted by Oxbow include the foreclosure of Oxbow's mechanic's lien against certain real estate located in Chippewa County, Minnesota, legally described on **Exhibit A** attached hereto and incorporated herein by reference (the "Property"). Accordingly, venue is proper in Chippewa County pursuant to Minn. Stat. § 484.01 and § 542.02.

6.      Upon information and belief, the Property constitutes the assets of the Trust Created Under the Last Will and Testament of Roman C. Wolf, dated November 18, 1988.

7.      Upon information and belief, J. Wolf, Redman, and G. Wolf entered into a lease of the Property to Clara City Solar, thereby becoming lessor in Chippewa County, Minnesota.

8.      Under Minn. Stat. § 501C.0206, J. Wolf, Redman, and G. Wolf have accepted the trusteeship of a trust having its principal place of administration in Minnesota, and thereby submit to the personal jurisdiction of the courts of Minnesota regarding any matter involving the trust.

## FACTS COMMON TO ALL COUNTS

9.      Borrego entered into a contract and/or series of contracts with Oxbow (the "Contract") by which Oxbow was to provide certain construction services and materials in connection with solar panel racking and solar panel installation and related labor on the Property (the "Work").

10.      Oxbow's Work was a portion of the overall work necessary for the construction of a commercial solar energy development project on the Property, which would be capable of and used to sell electricity to a utility company.

11.      On information and belief, Borrego was the prime contractor for the construction of the solar energy development project on the Property under the terms of a contract with Clara City Solar.

12.      At the time Oxbow performed the Work, Clara City Solar was the lessee of the Property from the fee owner of the Property, J. Wolf, Redman, and G. Wolf under the terms of a written lease (the "Lease").

13.      Oxbow performed the Work under the Contract, but Borrego stopped making payments to Oxbow.

14.      Oxbow is entitled to payment for its Work for which it has not yet been paid by Borrego, J. Wolf, Redman, G. Wolf, Clara City, or anyone else (the "Uncompensated Work").

15.      Despite demand, Oxbow remains unpaid for the Uncompensated Work.

16.      The agreed and reasonable value of the Uncompensated Work is at least $127,831.05.

## COUNT I—OXBOW'S MECHANIC'S LIEN (Borrego)

17.      Oxbow restates and realleges all previous paragraphs of this Complaint as if fully set forth herein.

3

18.     The agreed and reasonable value of the Uncompensated Work is at least $127,831.05, and Minn. Stat. § 514.01 et seq. provides a mechanic's lien for that entire amount, plus interest and attorneys' fees.

19.     The first date of Oxbow's contribution to the improvement of the Property was on or about January 14, 2019.

20.     The last date of Oxbow's contribution to the improvement of the Property was February 25, 2019.

21.     On May 8, 2019, Oxbow recorded a mechanic's lien statement concerning the Property with the Recorder's Office of Chippewa County, Minnesota as Document No. A000303873.

22.     Oxbow has timely complied with all service requirements with respect to its lien statement and has timely asserted its lien claim in this action.

23.     After Oxbow commenced this lawsuit wherein it asserted a claim to foreclose its mechanic's lien, Borrego, as the principal and in accordance with Minnesota Statutes § 514.10, procured a bond from a surety for purposes of substituting the bond (rather than the Property) as security for Oxbow's mechanic's lien claim.

24.     On July 10, 2019, the above-captioned court (the "Court") approved a stipulation by the Defendants and Oxbow agreeing that, pursuant to Minnesota Statutes §514.10, the Property be released from Oxbow's mechanic's lien upon deposit with the court of a bond in the amount of 191,746.58 (the "Bond").

25.     On July 25, 2019 the Bond (bond number 1074514) was deposited with the Court.

26.     Pursuant to Minnesota Statutes §514.10 and the Order of the Court dated July 10, 2019 (Document Index #19), Oxbow was the same rights of mechanic's lien against the Bond as it had against the Property.

4

27.     Borrego either claims, or may claim, some interest in the Bond.

28.     No other action or proceeding at law or equity has been commenced by Oxbow for the collection of the debts secured by the mechanic's lien.

29.     Oxbow's mechanic's lien is superior to the right, title, interest, mortgage or lien of any other entity or person, except those right, title, interest, mortgages, or liens that are determined to be prior to Oxbow's mechanic's lien and except as to mechanic's liens that the court finds to be coordinate with Oxbow's mechanic's lien.

30.     For the purposes of prosecuting its mechanic's lien rights, Oxbow has retained legal counsel and has incurred and will incur attorneys' fees.

31.     Oxbow is entitled to a mechanic's lien which is secured by the Bond in the total amount of at least $127,831.05, plus interest as provided by the Contract or by statute and attorneys' fees as provided by law.

## COUNT II – BREACH OF CONTRACT (Borrego)

32.     Oxbow restates and realleges all previous paragraphs of this Complaint as if fully set forth herein.

33.     Oxbow has a Contract with Borrego for the provision of services, material, and equipment for improvements upon the Property in exchange for payment.

34.     Oxbow has performed and provided services, materials, and equipment for improvements upon the Property in accordance with the terms of the Contract with Borrego, the unpaid value of which is believed to be in excess of $50,000.00.

35.     Borrego has not performed its duty of making payment to Oxbow in accordance with the terms of the Contract.

36.     Borrego has benefited from Oxbow's performance according to the terms of the Contract.

37.     As a direct result of Borrego's breach of contract, Oxbow has been damaged in an amount exceeding $50,000.00.

### COUNT III – PROMISSORY ESTOPPEL (Borrego)

38.     Oxbow restates and realleges all previous paragraphs of this Complaint as if fully set forth herein. There was a clear and definite promise that Borrego would pay Oxbow for the Work performed by Oxbow at the Property.

39.     Borrego intended to induce Oxbow to rely upon its promise of payment for the Work.

40.     Oxbow, in fact, did rely upon the promise of payment by Borrego for Oxbow's Work.

41.     The promise to pay for Oxbow's Work upon the Property must be enforced in order to prevent the injustice of Oxbow providing work without compensation.

42.     As a direct result of Borrego's promises, Oxbow has been damaged in an amount exceeding $50,000.00.

### COUNT IV – UNJUST ENRICHMENT
### (Borrego, J. Wolf, Redman, G. Wolf, Clara City)

43.     By virtue of performance of its Work, Oxbow made valuable improvements upon the Property.

44.     The Minnesota mechanic's lien statute at Minn. Stat. § 524.13 expressly provides that Oxbow's causes of action relating to and arising out of the Uncompensated Work are not limited to a mechanic's lien claim, providing that "[t]he rights granted by this chapter are nonexclusive."

45.     Through this lawsuit, Oxbow is pursuing certain legal remedies relating to the valuable improvements it made upon the Property, but Oxbow does not or may not have an

adequate remedy at law for some or all of the damages it has suffered, including damages arising from or relating to the Uncompensated Work.

46.     Borrego, J. Wolf, Redman, G. Wolf, Clara City knowingly received valuable benefits from Oxbow's Work, including, in addition to as yet unknown other possible benefits, the following:

a.     Oxbow's Work was a portion of the overall work necessary for the construction of the commercial solar energy development project on the Property, which, by virtue of, in part, Oxbow's Work, is or will become capable of and used to sell electricity to a utility company thereby generating significant income to Clara City.

b.     Upon information and belief, through Oxbow's Work and by the terms of the Lease, the Property became "commercialized" and J. Wolf, Redman, G. Wolf thereby received the benefit of substantially increased rent from Clara City.

c.     Through Oxbow's Work, J. Wolf, Redman, G. Wolf, the fee owner of the Property, received the benefit of having the Property improved beyond the condition it was in prior to Oxbow's performance of its Work.

d.     Upon information and belief, through Oxbow's Work and by the terms of the Lease, Clara City receives the benefit of being the exclusive owner of all electricity generated by the commercial solar development.

e.     Upon information and belief, through Oxbow's Work and by the terms of the Lease, Clara City receives the benefit of all depreciation, tax credits and benefits, renewable energy credits and all other environmental attributes and incentives.

f.     Upon information and belief, through Oxbow's Work and by the terms of the Lease, Clara City receives the benefit of owning a commercial solar development.

7

g.      Upon information and belief, through Oxbow's Work, Borrego received the benefit of payments from Clara City on the general contract for the construction of the commercial solar development.

h.      By receiving the benefits of Oxbow's Work as described above without paying Oxbow for the Work, Borrego, J. Wolf, Redman, G. Wolf, and Clara City have knowingly received and retained the valuable improvements and the benefits outlined above provided by Oxbow for which, in equity and good conscience, Borrego, J. Wolf, Redman, G. Wolf, and Clara City should compensate Oxbow.

47.     Borrego, J. Wolf, Redman, G. Wolf, and Clara City have not paid Oxbow for its valuable improvements made upon the Property or the valuable benefit they have received and, consequently, they have been unjustly enriched and Oxbow has been unjustly impoverished.

48.     Borrego, J. Wolf, Redman, G. Wolf, and Clara City were not entitled to the improvements made upon the Property and the valuable benefits they received without compensating Oxbow for the same.

49.     It would be unjust, inequitable, against good conscience, unlawful, and immoral to allow Borrego, J. Wolf, Redman, G. Wolf, and Clara City to retain the value provided by Oxbow without compensating Oxbow.

50.     As a result of Borrego, J. Wolf, Redman, G. Wolf, and Clara City's unjust enrichment, Oxbow has been damaged in an amount believed to exceed $50,000.00.

### COUNT V – QUANTUM MERUIT
### (Borrego, J. Wolf, Redman, G. Wolf, and Clara City)

51.     Oxbow has made valuable improvements upon the Property.

52.     Borrego, J. Wolf, Redman, G. Wolf, and Clara City have benefited from the valuable improvements that Oxbow has made to the Property.

53.     Oxbow is entitled to compensation for the fair value of the improvements upon the Property.

**WHEREFORE,** Oxbow requests judgment granting the following relief:

1.     **On Count One**: Adjudging that Oxbow is entitled to recover the sum of at least $127,831.05 together with interest calculated at the statutory interest rate as provided in Minn. Stat. § 514.135, along with costs, disbursements and reasonable attorney fees;

2.     Adjudging that Oxbow is entitled to a specific mechanic's lien in the amount of the judgment rendered pursuant to paragraph 1 of this prayer for relief;

3.     Adjudging said lien to be prior and superior to the right, title, interest or lien of any and all other parties to this action, except those of coordinate mechanics lien claimants, if any;

4.     Ordering that the judgement shall be paid, without further proceedings, out of the Bond as provided for in Minnesota Statutes §514.13; and

5.     Directing the clerk of this court to enter and docket a judgment in favor of Oxbow and against Borrego for any deficiency on the judgment after application of the Bond.

6.     **On Counts Two and Three:** Judgment for Oxbow against Borrego in the amount believed to be in excess of $50,000.00, together with interest, costs, disbursements, and reasonable attorneys' fees.

7.     **On Counts Four and Five:** Judgment for Oxbow against Borrego, J. Wolf, Redman, G. Wolf, and Clara City in the amount believed to be in excess of $50,000.00, together with interest, costs, disbursements, and reasonable attorneys' fees.

8.     Such other and further relief as the Court may deem just and equitable.

Dated: <u>December 17, 2019</u>                    **THOMPSON TARASEK**
                                          **LEE-O'HALLORAN PLLC**


                                          */s/ Jennifer A. Thompson*
                                          Patrick J. Lee-O'Halloran (#269074)
                                          Jennifer A. Thompson (#0330954)
                                          7101 York Avenue South, Suite 255
                                          Edina, MN 55435
                                          patrick@ttlolaw.com
                                          jennifer@ttlolaw.com
                                          (612) 568-0132

                                          **ATTORNEYS FOR PLAINTIFF**


                                  **ACKNOWLEDGMENT**

       I acknowledge that costs, disbursements and reasonable attorney and witness fees may be
awarded under Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are
asserted.

Dated: December 17, 2019              */s/ Jennifer A. Thompson*
                                      Jennifer A. Thompson

## Exhibit A

That part of the West Half of the Northwest Quarter of Section 17, Township 117 North, Range 37 West, Chippewa County, Minnesota, described as follows:

Commencing at the west quarter corner of said Section 17; thence on an assumed bearing of North 00 degrees 19 minutes 52 seconds East, along the west line of the Southwest Quarter of the Northwest Quarter of said Section 17, a distance of 554.86 feet; thence South 89 degrees 40 minutes 08 seconds East, a distance of 50.00 feet to the easterly right of way line of County Road Number 2, as now located and established; thence North 90 degrees 00 minutes 00 seconds East a distance of 64.54 feet; thence North 00 degrees 00 minutes 00 seconds East, a distance of 969.78 feet; thence South 89 degrees 59 minutes 51 seconds East, a distance of 65.05 feet; thence South 38 degrees 19 minutes 16 seconds East, a distance of 314.44 feet; thence South 38 degrees 20 minutes 59 seconds East, a distance of 167.22 feet; thence North 51 degrees 51 minutes 08 seconds East, a distance of 72.88 feet to the southwesterly right of way line of State Trunk Highway Number 7, as now located and established; thence South 38 degrees 51 minutes 37 seconds East, along said southwesterly right of way line, a distance of 39.25 feet; thence southeasterly, a distance of 20.75 feet, along said southwesterly right of way line, being a tangential curve concave to the northeast, having a radius of 3892.92 feet, a central angle of 00 degrees 18 minutes 20 seconds, and a chord that bears South 39 degrees 00 minutes 46 seconds East; thence South 51 degrees 51 minutes 08 seconds West, not tangent to the last described curve, a distance of 73.47 feet; thence South 38 degrees 20 minutes 59 seconds East, a distance of 74.59 feet; thence South 45 degrees 30 minutes 50 seconds East, a distance of 348.64 feet; thence South 00 degrees 00 minutes 00 seconds East; a distance of 242.09 feet to the intersection with a line bearing North 90 degrees 00 minutes 00 seconds East from the point of beginning; thence South 90 degrees 00 minutes 00 seconds West, a distance of 696.01 feet to the point of beginning.